## N. Y. COMMON PLEAS.

### MARY F. KERR agt. WILLIAM J. KERR.

*Divorce — allowance to wife — Change of decree as to support of children.*

Where a decree of divorce has been obtained by a wife against her husband and an allowance of alimony has been made for her support and "for the support and maintenance" of her three children:

*Held,* that the legislature intended that the allowance to the wife should be unchanged, but that the provision for the support of the children might be altered as their circumstances changed.

*Special Term, July,* 1880.

VAN HOESEN, *J.* — In *Miller* agt. *Miller* (6 *J. C. R.,* 91), chancellor KENT said, that as the statute spoke of such maintenance or allowance as to the court shall "from time to time" seem just and reasonable, it was, perhaps, in the power of the court to vary the allowance provided for by the final decree. It will be seen that the chancellor rested the power to vary the allowance upon the words "from time to time." They are not to be found in the Revised Statutes, and the fair conclusion seems to be that the court has no power to vary the allowance to the wife. In the case of *Lamport* agt. *Lamport* (*decided by the general term of the fourth department and reported in the fourth Albany Law Journal,* 190) judge JOHNSON held that the power to vary the allowance was not only

given by the statute but was necessarily, whether expressed *in totidem verbis* or not, reserved to the court by the very nature of the decree, and that if the plaintiff wife caused a judgment to be entered which did not give the defendant husband leave to apply for a reduction of the allowance the court would, nevertheless, entertain the husband's application.

The decision in *Lamport* agt. *Lamport* was made in 1871, three years before the court of appeals set the question at rest by its decision in *Kamp* agt. *Kamp* (59 *N. Y.*, 212). The views of judge GROVER in the *Kamp* case respecting the power of the court to vary the judgment granting an allowance to the wife in an action for an absolute divorce, where no leave to apply for a change of the allowance was contained in the judgment, were adopted by the court of appeals and must govern this application. The case of *Park* agt. *Park* (18 *Hun*, 466), which was affirmed by the court of appeals, does not touch the point under consideration.

In *Kamp* agt. *Kamp*, judge GROVER drew a distinction between the power of the court to change the allowance to the wife and its power to vary the provision for the care and maintenance of the children, and founds his opinion upon the language of the statute.

The learned judge clearly shows that the legislature intended that the allowance to the wife should be unchangeable, but that the provision for the support of the children might be altered as their circumstances changed. It was not intended that a daughter who grew to womanhood and became a wife, or a son who grew to manhood and embarked in business, should continue to be forever a charge upon the father. Hence, the language of section 59, 2 Revised Statutes, 148, declares that during the pendency of an action for divorce, or at its final hearing or afterwards, as occasion may require, the court may make such order for the care of the children as may seem necessary and proper, and may at any time thereafter annul, vary or modify such order. The statute is silent as to the varying of the allowance to the wife, and the court is left,

Kerr agt. Kerr.

therefore, to pursue, in actions for divorce, the ordinary practice applicable to the modification of judgments in actions of an equitable character.

It being settled by the decision of the court of last resort that the power to change the provision for the support of the children exists I think it should be exercised in this case, provided there be no encroachment on the rights of the wife. There is no doubt that the sum of $1,800 awarded by the judgment was for the maintenance of the children as well as an allowance to the wife. On the hearing before Mr. Bartholomew O'Connor, the referee who took proof of the facts alleged in the complaint, this question was put to the defendant by the plaintiff's counsel: Are you able to pay to Mrs. Kerr and her children the sum of $1,800 per annum? The answer was that he thought he could not spare more than $1,500, but that he would endeavor to supply $1,800. The three children were at that time (1863) very young, the eldest being a boy of fourteen, the second a girl of eleven and the youngest a girl of seven. The son has now become a man of thirty-one and the youngest daughter is twenty-four. The son is in business and has said that he was doing well. He ought not to be a charge upon his father. The daughters are unmarried and it appears that the defendant does not wish them to teach or, it may be inferred, to engage in any other business.

It is not possible to say exactly how much the court intended as an allowance to the wife and how much as a provision for the children, and that is the real difficulty in this case. Surely I am not at liberty to guess at the amount which the court, when it pronounced judgment, thought a fair and reasonable allowance to the wife, nor have I the right arbitrarily to assume that the sum which I think the proper one was the very amount which the court must have intended to award. I cannot interfere with the wife's allowance, and not having anything to guide me I might encroach upon that allowance if I should make any reduction in the amount which the judgment orders the defendant to pay.

I· shall decline, therefore, to grant the application and leave the defendant to his appeal from the order to be entered denying his motion.

I award no costs.