WILLIAM M. STRATTON *vs.* MARY E. STRATTON.

Kennebec.    Opinion May 29, 1882.

*Divorce. Alimony. Stat. 1874, c, 184, § 3. R. S., c. 60. § 19.*

Where the decree relating to alimony in a libel for divorce gives an annuity for life without reservation it cannot be modified at any time thereafter on motion or petition and a new trial can be ordered only in cases mentioned in the statute.

The power to alter the decree from time to time as circumstances may require, given by R. S., c. 60, § 19, relates only to the custody of the children.

ON EXCEPTIONS.

Petition, filed at the October term, 1880, for a decrease of alimony allowed by the court by way of an annuity of two hundred and fifty dollars during life to the respondent in a libel for divorce, filed by the petitioner against the respondent at the March term, 1860.

The respondent moved to dismiss the petition on the ground that the court had no right, jurisdiction or authority over the matter.

The court *pro forma* sustained the motion and dismissed the petition, and the petitioner alleged exceptions.

*Joseph Baker*, for the petitioner.

The question is, has the court the power to grant the prayer of the petition.

Divorces are equitable proceedings addressed to the discretion of the court. In equity the court and cause are always open, and a rehearing may be granted at any time when equity and justice require it. The statute of limitations in relation to

rehearings and reviews does not apply to or bind the discretion of the court. Adams Eq. 397; *Brandon v. Brandon*, 25 L. J. Ch. 896; *Daniel v. Mitchell*, 1 Story, 198; *Hodges v. N. E. Screw Co.* 5 R. I. 9; *Finch Co. v. Franklinite Co.* 1 McCar. 309; Story's Eq. Pl. § § 418, 419.

But we have not only this analogous authority in the court to grant a rehearing in divorce cases, but we have direct law to the the same effect. 2 Bish. M. and D. § § 430, 433, 751, 431.

Counsel citing the various statutes bearing upon the subject matter contended that the only reasonable construction authorized a rehearing on the question of alimony, in cases of divorce where an annuity is given. So much of the decree as gave an annuity for life is void. No decree for the support of a divorced wife can continue longer than the obligation of the husband to support his wife continues. That obligation ceases with his life, and if she should outlive him the decree ceases. Bish. on M. and D. § 428; *Lockridge v. Lockridge*, 3 Dana, (Ky.) 28; *Wallingford v. Wallingford*, 6 Harris and Johns. (Md.) 485.

But in this case the whole decree as to alimony is absolutely void. There was no power in the court to grant alimony to the wife on the libel of the husband for a divorce against his wife for her fault. R. S., c. 60, § 7; *Henderson v. Henderson*, 64 Maine, 419; 2 Bish. M. and D. § § 377, 435; *Dwelly v. Dwelly*, 46 Maine, 377.

*C. P. Mattocks*, for the respondent, cited: *Henderson v. Henderson*, 64 Maine, 419; *Prescott v. Prescott*, 59 Maine, 151; *Atkinson v. Dunlap*, 50 Maine, 111; *Burch v. Newbury*, 6 Selden, 394; *Harvey v. Lane*, 66 Maine, 536; *Bacon v. Bacon*, 43 Wis. 197; *Forseth v. Shaw*, 10 Mass. 253; *Coffin v. Cottle*, 4 Pick. 454; *Vanderhof v. Dean*, 1 Mich. 453; Morse on Arbitration, 71; *Hix v. Sumner*, 50 Maine, 290; *Mitchell v. Dockray*, 63 Maine, 82; *Pease v. Whitten*, 31 Maine, 117; *Shelton v. Alcox*, 11 Conn. 240; *Cox v. Jagger*, 2 Cow. (N. Y.) 638; *Shepherd v. Ryers*, 15 Johns. (N. Y.) 497; *Whitney v. Holmes*, 15 Mass. 153; *Valentine v. Valentine*, 2 Barb. 430; *Bigelow v. Newell*, 10 Pick. 354; *No. Yarmouth v. Cumberland*, 6 Maine, 21; *Parsons v. Hall*, 3 Maine, 60; *Bacon v. Crandon*, 15

Pick. 79 ; *Brown* v. *Clay*, 31 Maine, 518 ; *Dunn* v. *Murray*, 9 B. and C. 780 ; *Smith* v. *Johnson*, 15 East. 213 ; *Wheeler* v. *Van Honton*, 12 Johns. 311 ; *Warfield* v. *Holbrook*, 20 Pick. 534 ; *Bunell* v. *Pintto*, 2 Conn. 431 ; *Parsons* v. *Hall*, 3 Maine,. 58 ; *Mayberry* v. *Morse*, 39 Maine, 105 ; *Pierce* v. *Strickland*,. 26 Maine, 277 ; *Dunbar* v. *Bittle*, 27 Wis. 143.

SYMONDS, J. This is a petition for relief from the payment. of an annuity of two hundred and fifty dollars, decreed to the wife as alimony in March, 1860, when a divorce was granted. upon the husband's libel. The case is presented upon exception to the *pro forma* ruling, that the court now has no power, on. motion or petition, to modify the decree concerning alimony.

In *Henderson* v. *Henderson*, 64 Maine, 419, it was held that the jurisdiction of the court, and its powers, relating to divorce, are derived solely from the statutes, and limited and controlled. by them. The question, then, is one purely of the construction of the statutes on that subject.

By the laws of 1821, c. 71, § 5, it would seem that under certain circumstances, when the divorce was granted for the adultery of the husband, the court had authority to change the decree concerning alimony from time to time, upon the application of either party ; this power being expressly conferred in regard to divorces from bed and board, and it being provided in case of such divorce from the bond of matrimony that "the court may allow her (the wife) reasonable alimony out of the husband's estate, so long as she shall remain unmarried, in the same manner as alimony may be allowed to a woman divorced from bed and board."

The first provision for a new trial in cases of divorce was in. 1839, c. 377, giving the court discretionary authority to grant it in certain cases, upon application within three years from the first judgment. R. S., 1841, c. 89, § § 17, 19, 32, are revisions of these earlier statutes without substantial change in this respect.

But in 1854, c. 100, a law was enacted, which passed into the revisions of 1857, c. 60, § .6, and of 1871, c. 60, § 7, and defines. the present powers of the court in regard to alimony. It gives

no authority to modify on motion a judgment for alimony once rendered.

On the other hand, the act of 1839, which first granted the right of new trial in divorce, continued without essential modification through the revisions of 1841, c. 89, § 32, and of 1857, c. 60, § 8, but in 1863, c. 211, § 3, was amended so as to provide that, in the cases stated, the new trial might be allowed within the three years, not only in respect to the divorce granted, but also in regard to the amount of alimony or the specific sum decreed instead of alimony; and this new provision, contained in the revision of 1871, c. 60, § 9, was again amended in 1874, c. 184, § 3, so as to read as follows: "Within three years after judgment on a libel for divorce, a new trial may be granted as to the divorce, when the parties have not cohabited nor either contracted a new marriage since the former trial; and when either of the parties have contracted a new marriage since the former trial, a new trial may be granted as to alimony, or specific sum decreed, on such terms as the court may impose and justice require, when it appears that justice has not been done through fraud, accident, mistake or misfortune."

It would be a manifest inconsistency to hold that a decree relating to alimony may be modified at any time on motion, when the statute by clear implication limits the right of new trial in regard to alimony to cases in which one of the parties have contracted a new marriage since the former trial. To grant the present motion is neither more nor less than to allow a new trial on the question of alimony, and in a case where the statute, unless a construction is adopted which plainly deprives it of force, excludes the right of a new trial.

It is not intended to say that the court may not in the first instance make the order relating to alimony conditional, or for a limited time, or in terms subject to future revision. But when the original decree gives an annuity for life, without reservation, we think a new trial can be ordered only in the cases mentioned in the statute.

That the power to alter the decree from time to time as circumstances require, given by R. S. c. 60, § 19, relates only

to the custody of the children is apparent from the history of the section. It is simply a revision of R. S., 1841, c. 89, § 27, which provides that "the court may from time to time revise and alter such decree, as to the custody, care and maintenance of the children, as the circumstances of all concerned may require or render expedient."

The exceptions raise no question in regard to the validity of the decree in this case. On the contrary, its validity, when made, is assumed in the present proceeding. Upon the facts disclosed, the court under the statutes now in force has no authority to modify it on motion, and the

*Exceptions are overruled.*

APPLETON, C. J., WALTON, BARROWS, DANFORTH and VIRGIN, JJ., concurred.