GEORGE E. SAMMIS *vs.* CHARLES E. MEDBURY *et ux.*

Jurisdiction to award alimony in divorce proceedings is purely statutory. Hence when a judgment for alimony has been made without reserve, and the time within which a new trial can be had has elapsed and there is no statutory provision for modifying the judgment, the judgment is final and cannot be changed.

C. obtained in 1879 a divorce *a vinculo* from her husband G., and a decree awarding her one half the rents of G.'s realty for her life and one half G.'s personalty, as alimony; also one half the rents of G.'s realty and one half G.'s personalty as a provision for her children by G.

C. subsequently married again, and in 1883 G. petitioned for a reduction in the amount of alimony, claiming that C.'s husband was well able to support her, and that at the trial of

the divorce petition G. was absent from the State, and through accident and mistake was not present.

*Held,* that the court had no jurisdiction to consider the petition.

PETITION to modify a decree for alimony.

At the October Term, A. D. 1879, of this court, Cora E. Sammis obtained a decree of divorce *a vinculo* from her husband and an allowance of alimony. She married Charles E. Medbury, May 23, 1881; and at the March Term, A. D. 1883, of the court, George E. Sammis filed his petition asking for a modification of the decree for alimony.

*July* 7, 1883. DURFEE, C. J. This is a petition for the modification of a decree entered in a petition for divorce, *Cora E. Sammis* v. *George E. Sammis*, at the October Term of this court, A. D. 1879. The decree, granting divorce from the bond of matrimony, awarded to said Cora for alimony one half of the rents and profits of said George's real estate for life and one half of his personal property, and also awarded to her, until further order, the other half of the personal property and of the rents and profits of the real estate, as a provision for the support and maintenance of her three children by him. The reasons assigned for modification are that said George has no other property, that he was absent from the State when the divorce petition was tried, and, through accident, misfortune, and mistake, was not present at the trial, and that the said Cora has since her divorce married a man who is well able to support her. The petition prays generally for a modification of the decree, but at the hearing the petitioner only asked to have the alimony reduced, conceding that the provision for the children ought to remain unchanged. The first question, therefore, is whether the term at which the decree was entered having gone by and the time for applying for a new trial elapsed, the alimony can be reduced on such a petition.

The respondents cite, to the point that it cannot, the cases of *Mitchell* v. *Mitchell*, 20 Kans. 665; *Stratton* v. *Stratton*, 73 Me. 481; and *Shepherd* v. *Shepherd*, 8 N. Y. Supreme Ct. 240. The first two of these cases so decide. In *Mitchell* v. *Mitchell* the court say: " The judgment for alimony is as absolute and permanent as the decree for divorce. There is no provision of the statute authorizing the judgment for alimony to be afterwards

increased or diminished. If the wife cannot demand additional allowance when the subsequent circumstances of the husband might render him able to pay it, neither ought the husband to have alimony once granted reduced because of subsequent changes." So in *Stratton* v. *Stratton* it was decided that, under the divorce law of Maine, alimony once granted is not modifiable on motion or petition. In *Shepherd* v. *Shepherd*, however, the decision was, not that the alimony could not be reduced, but that the marriage of the wife after divorce was no reason for reduction. The case of *Forrest* v. *Forrest*, 3 Bosw. 661, seems to be more in point, for there, the divorce having been granted on the petition of the wife, the court refused to let the husband submit testimony to show that the wife had been guilty of fornication pending a reference to determine the amount of alimony, being of the opinion that the alimony was to be determined by the circumstances as they existed when the divorce was granted. Later cases are still more decisive; and it may now be considered as established in New York that a decree granting divorce *a vinculo* and settling the alimony, without reserving any right to modify it, is not subject to modification or reduction on petition on account of any subsequent change of circumstances. *Kamp* v. *Kamp*, 59 N. Y. 212; *Kerr* v. *Kerr*, 59 How. Pr. 255.

The doctrine of the cases is that the jurisdiction in this country is purely statutory, and that, therefore, when alimony has once been decreed, without reserve, under the statute, it must remain permanently as decreed, unless the statute provides for a subsequent modification, the decree being a judgment of court and having the same finality as other judgments. We think the doctrine is correct, and that it is as applicable in Rhode Island as in Maine or Kansas or New York. We are aware that the alimony granted in the English ecclesiastical courts is liable to revision from time to time, but then the divorces granted there are divorces, not *a vinculo*, but *a mensâ et thoro*, the parties, though separated, still remaining husband and wife, with the door of reconciliation open between them. The alimony is simply a separate maintenance, and as such would naturally vary in amount according to the varying circumstances. As such, too, it terminates with the life of the husband. Our divorces *a vinculo* are

definitive, the marriage relation being utterly annihilated, and we can see no reason why the alimony should not likewise be definitive. Our statute expressly authorizes the court to alter its decrees in regard to the custody or maintenance, education and support of the children, but does not, as we read it, give the same authority in regard to alimony. On the contrary, it makes it the duty of the court to allow the wife, divorced on her petition, such alimony out of the real or personal estate of the husband, or out of both, as it shall think reasonable, not exceeding the use of one moiety of the real estate, during the life of the wife, and the property of one half of his personal estate. It can hardly be claimed that a court, which has allowed to a divorced wife the *property* of one half of her former husband's personal estate, can afterwards take it away from her again on her husband's mere petition. Evidently the statute intends that the personal estate, so decreed to her, shall be absolutely hers. And so far as we can discover, the use of the real estate for life was intended to stand, in this respect, on the same footing, the estate being rather regarded as analogous to dower than as analogous to the modifiable alimony granted in the old English ecclesiastical courts.

*Petition dismissed.*

*Edwin Metcalf & Charles F. Baldwin,* for petitioner.
*Simon S. Lapham,* for respondent.