## SARAH A. MITCHELL v. DAVID H. MITCHELL.

ALIMONY, *Decreed on Dissolving Marriage Contract, Not to be Afterward Increased, nor Diminished.* Alimony allowed to a wife on a decree for divorce from the bonds of matrimony by reason of the fault or aggression of the husband, under the statute in this state, is to be based upon the circumstances of the parties at the time of the divorce, and is not to be modified by subsequent changes in these circumstances. The court has no power, on subsequent application showing circumstances thereafter arising, to increase or diminish the allowance given in the original judgment.

### *Error from Leavenworth District Court.*

ALL necessary facts and proceedings appear in the subjoined opinion. The judgment complained of was given by the district court, at November Term 1877.

*E. Stillings,* for plaintiff in error.

*Lucien Baker,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: In July 1870, Sarah A. Mitchell obtained a decree of divorce from her husband, David H. Mitchell, on the ground of extreme cruelty, and was allowed, as alimony, in the action, the sum of $14,000 to be paid at the end of ten years from the 1st of July 1870, the sum of $2,500 to be paid within ten days after the judgment, to enable her to purchase a homestead, and an annuity of $750, for the term of four years, payable quarterly each year, and the further annuity of $1,060, to commence after the expiration of the said four years, to continue for six years and until the $14,000 should become due, (which said $1,060 was also payable quarterly, each year.) The judgment further provided that if the said David H. Mitchell failed to pay any of the said quarterly installments within ten days after the same became due, then the whole amount of the annual payment on which the quarterly payment was in default should become due, and execution was to issue in favor

*Statement of the case.*

of the plaintiff against the defendant to collect the same. The defendant paid the several sums required of him to be paid to the installment due on the 1st of January 1877; and having made default in the payment of the January and April installments of 1877, the plaintiff caused execution to issue for the annual payment of 1877, and placed the same in the hands of the sheriff of Leavenworth county to be executed. On 16th April 1877, the defendant in error commenced an action in the district court of Leavenworth county against said plaintiff in error and the sheriff, to restrain said parties from further proceeding with said execution, and to have the judgment rendered in July 1870, in the case of Mitchell v. Mitchell, modified and altered to correspond with the changed circumstances of said David H. Mitchell, said Mitchell alleging in his petition that he was no longer able to carry out the terms and provisions of the original judgment, on account of the depreciation and unproductiveness of his property and business, together with his altered circumstances since the rendition of the judgment. On the trial of the cause, the court modified the original decree so as to prohibit the collection of any of the unpaid alimony therein provided for, except the $14,000 charged upon the homestead, and the collection of that amount was limited to the proceeds of a sale of said premises. The question is clearly presented, whether such a judgment can be changed in another proceeding, and at a subsequent term of the court, on account of changes in the circumstances of the parties? Had the district court the right to modify the judgment in consequence of facts thereafter occurring?

We must answer both questions in the negative. Sec. 646 of the civil code, as amended by sec. 27, laws of 1870, p. 179, provides, when a divorce shall be granted by

*Judgment for alimony, not to be subsequently increased or diminished.* reason of the fault or aggression of the husband, the wife shall be restored to all her lands, tenements, and hereditaments not previously disposed of, and restored to her maiden name if she so desires, and shall be allowed such alimony out of her husband's real and

personal property as the court shall think reasonable, having due regard to the property which came to him by marriage, and the value of his real and personal estate at the time of decreeing such divorce, which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross, or installments, as the court may deem just and equitable. The allowance is to be based upon the then circumstances of the parties. By the dissolution of the marriage, the relation of husband and wife, between the parties, ceases to exist. The divorce granted at the instance of one party, operates as a dissolution of the marriage contract as to both. The subsequent relation of the parties are the same as though no marriage had ever been had. Thereafter, the husband has no claim to the wife, nor the wife any interest in the newly-acquired property of the husband. The judgment for alimony is as absolute and permanent as the decree for the divorce. There is no provision of the statute authorizing the judgment for alimony to be afterward increased or diminished. If the wife cannot demand additional allowance, when the subsequent circumstances of the divorced husband might render him able to pay it, neither ought the husband be allowed to have alimony once granted reduced because of subsequent changes. Then, as the allowance cannot be increased, under the statute, for the same reason it ought not to be diminished.

Counsel for defendant in error insists that the power to modify the judgment exists in a court of equity, independent of statute, and therefore the judgment in this case should be sustained. In some respects this statement is true; but these decisions are based upon English precedents and cases, where no divorces, except from bed and board, were permitted, till quite recently, and there was then no such thing as alimony upon a final dissolution of the marriage. Under the provisions of our statute, the allowance granted on a divorce from the bonds of matrimony is an essentially different thing from alimony given in England, whether formerly on a divorce from bed and board,

Power of courts to modify judgments.

or now on a judicial separation, or on a dissolution of the marriage by the divorce court. 2 Bish. Mar. & Div., 474; *Smith v. Smith*, 45 Ala. 264; *Kamp v. Kamp*, 59 N. Y. 212. But if any doubt remained, that the judgment for alimony could not be changed by the altered circumstances of the parties subsequent to the decree, it would be removed by section 645 of the code, which confers on the court the power of modifying and changing the decree in respect to the guardianship, custody, support, and education of the minor children of the marriage, whenever circumstances render such change proper, while conferring no such power to modify the decree in respect to the support of the wife.

The court below seems to have held the views stated by us, and modified the decree on the theory that the original decree included an allowance for the maintenance, nurture, and education of the minor children given in charge of said Sarah A. Mitchell. Now if the court had changed the guardianship of the children, or their custody, or had made any orders as to the support or education of such children, then, within said section 645 no error would have been committed. This was not done. The unpaid alimony due to the divorced wife, except the $14,000, was discharged, and if the $14,000 exceeded the proceeds of a sale of the homestead, then the balance of that sum was to be released. This judgment directly attacked and diminished the allowance made to the wife, and does not come within the power conferred by section 645—it does not even purport to affect the minor children.

The judgment will be reversed, and the case remanded with directions to the district court to enter judgment in favor of the plaintiff in error.

VALENTINE, J., concurring.

BREWER, J., not sitting in the case.