## PROVIDENCE COUNTY.

CHARLES E. SAMPSON *vs.* IDA A. SAMPSON.

Under Pub. Stat. R. I. cap. 167, § 9, alimony may be awarded to a divorced wife in monthly payments to be made by the former husband.

A decree for alimony made without reserve is final, and, though for monthly payments, cannot be changed after the expiration of the time within which a new trial can be granted.

Inability to pay may be considered by the court when application is made to enforce the monthly payments ordered.

PETITION to modify a decree for alimony.

*February* 9, 1889. PER CURIAM. The parties to this petition were formerly husband and wife, but at the March Term of this court, A. D. 1885, the respondent on her petition was divorced from the petitioner, and decreed to have a separate support or alimony in the sum of thirty dollars per month, payable in cash monthly by the petitioner. The petition prays for relief by hav-

ing said order vacated or modified as his circumstances require, alleging that since his divorce he has been married again, and has become subject to expenses which make it difficult if not impossible for him to obey the order.

In *Sammis* v. *Medbury*, 14 R. I. 214, this court decided that a decree for alimony in case of divorce *a vinculo*, made without reserve, is final, and cannot be changed after the expiration of the term or the time within which a new trial may be had. In that case the wife had obtained the divorce, and the decree for alimony awarded to her one half of the rents of her husband's realty for life and one half of his personalty, and the court decided, on his petition for a reduction presented several years afterwards, that it had no jurisdiction to grant the petition.

The decision is conclusive of the petition here, unless it can be distinguished in that the decree here is for monthly payments. The petitioner contends that the decree for alimony in such form is not authorized by the statute, Pub. Stat. R. I. cap. 167, § 9,[1] but that under said section the court can award alimony only out of the real and personal estate which the respondent has at the time the divorce is granted. The provision has been the same at least since the Digest of 1798. It has long been the practice of the court to award alimony in the form in which it was awarded to the respondent. Several revisions of the statutes have been made since the practice has existed, and it must be presumed that the construction that has practically been given to the statute met the approval of the General Assembly, or the statute would have been changed. It is too late now to question the correctness of the construction.

Doubtless the court supposed that the words, " out of the real or personal estate of the husband or out of both," contained in said § 9, did not mean simply out of the property which the

---

[1] As follows :

" SECT. 9. In such case the wife shall also be allowed, out of the real or personal estate of the husband or out of both, such alimony as the court shall think reasonable, not exceeding the use of one moiety of his real estate during the life of the wife, and the property of one half of his personal estate, having regard to the personal property which came to the husband by the marriage and his ability."

husband had when the divorce was granted, but would extend to other property subsequently acquired by him. Some such construction was necessary as a matter of the simplest justice, for otherwise a man with no present property would not be subject to alimony though he might be earning thousands of dollars every year in his business or profession.

We do not think that the fact that the alimony is awarded by allowances from month to month constitutes a distinction which would entitle us to reduce the alimony, no power to modify the award being reserved in the decree.

Of course, if the petitioner is unable to pay the monthly allowances, that is a matter which may be considered when the respondent calls upon the court to enforce payment of them.

*Petition dismissed.*

*Stephen A. Cooke, Jun.,* for petitioner.
*Charles A. Wilson & Thomas A. Jenckes,* for respondent.