# CHARLESTON.

Emory F. McKinney v. Odell P. McKinney.

Submitted September 18, 1917.  Decided September 25, 1917.

1. Divorce—*Maintenance—Overruling of Commissioner's Report.*

The overruling of a motion to recommit the report of a commissioner, recommending an amount to be decreed, in a divorce suit, to the wife, for the maintenance of herself and children, based upon an affidavit that the husband's salary has been reduced, since the report was made up, is justified by a disclosure in the record that the employer so reducing the salary is a corporation of which the husband is the manager, and that his father owns a large portion of its capital stock and strongly sympathizes with the son in the litigation between him and his wife.  (p. 746).

2. Same—*Maintenance—Amount—Abuse of Discretion.*

In decreeing to a wife for the support of herself and the children of herself and husband, one-half of the husband's salary income, a court does not abuse its discretion nor commit error, when it appears that the husband boards with his parents, that it is doubtful whether he pays them for his board, that, although indebted, he has been paying little or nothing on his debts out of his salary, that a part of his indebtedness is due the wife and that he makes liberal presents to relatives whose financial circumstances are exceptionally good.  (p. 746).

3. Same—*Maintenance—Amount.*

A wife having a considerable income of her own, has no legal or just cause of complaint against a decree awarding to her, for the support of herself and children, practically one-half of her husband's moderate salary, he being indebted in an amount considerably in excess of the value of his estate.  (p. 747).

Appeal from Circuit Court, Marion County.

Suit for divorce by Emory F. McKinney against Odell P. McKinney.  From a decree confirming a report of a commissioner requiring defendant to pay certain sums per month for the maintenance of plaintiff and their children, defendant appeals, and the plaintiff brings cross-appeal.

*Decree affirmed.*

*Frank C. Haymond* and *Rollo J. Conley,* for appellant.
*Harry Shaw,* for appellee.

Poffenbarger, Judge:

This is an appeal from a decree in the cause reported in 87 S. E. 928, pronounced and entered by the Circuit Court of Marion County, pursuant to the mandate of this court, requiring ascertainment and adjudication of the amount to be paid by the defendant to the plaintiff for the maintenance of herself and their children. The report of a commissioner, fixing said sum at $75.00 per month, $25.00 for the defendant and $50.00 for the two children, excepted to by both parties, was confirmed by the court and a decree entered requiring the defendant to pay said sum, until the further order of the court or until the plaintiff and defendant shall have become reconciled and resumed cohabitation. Before the report was acted upon, the defendant filed an affidavit showing his salary had been reduced to the extent of $10.00 per week and moved a recommittal of the cause. To this, the plaintiff filed a counter affidavit charging the reduction was voluntarily and collusively made for the purpose of obtaining a modification of the report and preventing a decree for the amount recommended. Assignments of error are based upon the overruling of the motion and the defendant's exceptions to the report. Claiming $125.00 a month, the plaintiff cross-assigns error in the overruling of her exceptions to the report.

The counter affidavit has some support in the facts disclosed by the record. The defendant's father is a wealthy man and leans very strongly to the side of his son in this litigation. He owned, at the date of the decree, about one-third of the stock of the Index Printing Company, the defendant's employer. In the course of the litigation, and while the son was resisting decrees for suit money and temporary alimony, he suffered the latter to expend $1,200.00 of his money, in the improvement of a certain piece of his real estate, and is repaying it at the rate of $25.00 per month without interest. When the son left his wife, he went to his father's home and boarded free of charge, until demands for suit money and alimony were made, and then, according to the son's testimony, he paid his board, and now the cost of

his board at the home of his parents is relied upon in resistance of this decree. Under these circumstances, it is impossible consistently to say the trial court erred or abused its discretion in overruling the motion to recommit.

The report of the commissioner very carefully and thoroughly reviews all the facts and circumstances disclosed by the evidence, and leaves no doubt that he bestowed upon the questions submitted to him competent, skillful and painstaking consideration. For the support of the wife and two children, he recommended an allowance of about one-half of the salary income of the defendant. He also took into consideration, the income of the plaintiff. At the date of his report, the defendant's salary was $35.00 per week, making $1,820.00 per year. The plaintiff held a position as librarian in the Fairmont Normal School, which paid her $90.00 per month for eleven months in the year, and she sub-rented a portion of the house she occupied, for $10.00 per month. Besides the decrees and judgments against him in her favor for costs, the husband owes about $3,500.00. He claims he should have been allowed about $50.00 per month for reduction of his indebtedness, $50.00 per month for living expenses and $200.00 per year for interest on his indebtedness. His own testimony leaves the matter of his living expenses in considerable doubt, and he has not been devoting any considerable portion of his earnings to the payment of his debts. On the other hand, he has been quite liberal, for a man in his circumstances, in the matter of presents to his mother and sisters, members of a family in unusually good financial circumstances.

In view of these facts, we are unable to say the commissioner erred in his recommendations, or that the trial court abused its discretion in entering the decree complained of.

The decree is expressly made provisional. Payments are required only until the further order of the court or until the parties shall have become reconciled or resumed cohabitation, not permanently nor for natural life. Hence, the authorities cited for error in this respect are clearly inapplicable.

No ground upon which the cross-assignment of error can be sustained is perceived. With the wife's own income and

the allowance against the husband, provision is made for her and the children, that is reasonable under all the circumstances. If the husband had any estate of consequence, the situation would be different and might justify a larger decree against him, but he has practically nothing out of which to pay, except a salary income. He owes considerably more than he is worth, has interest to pay and ought to pay something on his debts. The decree takes just about half of his salary.

For the reasons stated, the decree will be affirmed.

*Decree affirmed.*