MILDRED SHIVE MILLER *v.* GLENN F. MILLER

(No. 7702)

Submitted February 6, 1934. Decided February 13, 1934.

*Daugherty & Daugherty*, for appellant.
*Geo. S. Wallace*, for appellee.

MAXWELL, JUDGE:

This proceeding involves an effort of a former husband to obtain reduction of alimony which was decreed against him by the domestic relations court of Cabell County.

This appeal is from a decree of the circuit court of said county affirming the action of the domestic relations court in refusing to reduce the alimony.

Mildred Shive Miller was granted a divorce from bed and board from Glenn F. Miller by the said domestic relations court May 29, 1931. On the 12th of February of the same year they had entered into a separation agreement wherein, among other things, it was provided that he pay her the sum of $150.00 per month as long as she should remain unmarried; and, in event of divorce, "that this contract shall be submitted to the court and the court requested to adopt its provisions in full settlement of alimony of the party of the second part and the property rights between both parties." Such presentation was later made to the court and in its decree aforesaid the court made reference to the said contract and decreed that

Glenn F. Miller pay to Mildred Shive Miller the sum of $150.00 per month as alimony for her support and maintenance, beginning June 1, 1931. There are no children.

Glenn F. Miller is treasurer of the Miller Casket Company, a corporation of $50,000.00 capital stock. His father, mother and brother seem to be the controlling stockholders. According to petitioner's testimony his own stock of 72 shares was transferred by him to his mother in part satisfaction of certain indebtedness he owed her. At least two other persons, J. M. Beale and G. P. Harvey, are interested in the corporation and are members of the board of directors.

In 1931, Glenn's salary was $400.00 per month. He says that because of necessary retrenchments due to bad business conditions, his salary was reduced to $300.00 per month the first of January, 1932, and to $175.00 per month January 1, 1933, the last reduction having been made by the board of directors on motion of said Beale. The petition for reduction of alimony herein presented was filed in the trial court March 14, 1933. There had been a similar petition in 1932, but relief thereunder was denied by the trial court and its action affirmed by the circuit court. Following the decree of divorce and alimony of May, 1931, the installments of alimony were paid with great reluctance and in three or four instances only after contempt proceedings had been prosecuted against Glenn F. Miller because of his failure to comply with the alimony requirements of the divorce decree. He says in his testimony that it was necessary for him to obtain funds from others in order to meet these requirements.

On behalf of Mildred Shive Miller it is insisted that there has been a persistent effort on the part of the petitioner herein to avoid paying her alimony; that it does not satisfactorily appear that petitioner's salary has in fact been reduced or that there has been any necessity for such reduction; and that members of petitioner's family connected with said corporation are colluding with him to avoid the payment of alimony to the respondent. These propositions, however, are more or less conjectural. Glenn's testimony that he has no property, that his present salary is $175.00 per month, and that he has no other income must be accepted as true. On that basis, it would be inequitable to require of him the payment of

$150.00 per month alimony. A recent enactment of the legislature brings these matters pointedly to the courts. It reads:

"That all judges and courts of this state, called upon to fix, ascertain and determine an amount as alimony, support or maintenance to be paid by a husband to his wife or to modify any decree or order pertaining thereto, shall take into consideration, among other things, the financial needs of the wife, the earnings and earning ability of the husband and wife, the estate, real and personal, and the extent thereof as well as the income derived therefrom of both the husband and wife and shall allow, or deny, alimony or maintenance or modify any former decree with relation thereto, in accordance with the principles of equity and justice. All acts and parts of acts in conflict with this act or any part hereof are hereby repealed." Chapter 27, Acts of the Legislature of 1933.

Alimony should never be disproportionate to a man's ability to pay. "An essential basis of alimony is ability of the husband to pay." *Watson* v. *Watson,* 113 W. Va. 267, 168 S. E. 373. It may with propriety be observed that the matter of alimony has been much overworked in these later years. A wholesome recession from excess along such lines fortunately seems to have manifested itself under the necessities of economic conditions now prevailing.

In the light of the testimony as to the petitioner's present financial condition, this woman's alimony must be reduced. In conference we considered whether we should reduce it as low as $75.00 per month, but concluded to resolve the doubt in her favor and fix the allowance at $87.50 per month (being one-half of petitioner's salary) until further order of the domestic relations court of Cabell County.

What we have said refers of course only to alimony and is not to be interpreted as having any bearing upon the contractual rights of the respondent, if any she has, under the said agreement between her and her husband, dated February 12, 1931. In our decree proper reservation will be made to her.

For reasons stated, we reverse the decree of the circuit court and of the domestic relations court and enter here a decree in accordance with this opinion.

*Reversed and rendered.*