ANNA SUTHERLAND *v.* MALCOLM G. SUTHERLAND

(No. 8718)

Submitted May 25, 1938. Decided June 28, 1938,

*N. D. Waugh,* for appellant.
*Ira P. Hager,* for appellee.

KENNA, JUDGE:

On November 2, 1937, Malcolm G. Sutherland filed in the Circuit Court of Logan County his petition to abate the alimony payment awarded to Anna Sutherland in the divorce decree she obtained against petitioner in that court on the 10th day of September, 1935, being payments of $25.00 a week. The petition alleges that at the time the decree for alimony was entered Anna Sutherland was living in a home belonging to petitioner and had in her actual custody their three minor children. The petition goes on to allege that in August, 1936, petitioner made an assignment for the benefit of creditors and in September of the same year filed a voluntary petition in bankruptcy for the M. G. Sutherland Stores, Inc., of which he was the owner, at the same time filing a voluntary personal petition.

In revealing the source of petitioner's income, the petition goes on to allege that in November, 1936, after filing the petition in bankruptcy, petitioner, at Henlawson in Logan County, being without money of his own, went into the mercantile business with money of his second wife in the amount of about $500.00, which business has since been conducted in her name and is owned by her.

The petition further alleges that Anna Sutherland, since the entry of the former decree, has been employed; that her earnings are $15.00 a week; that she is living in an apartment in Logan which was furnished by petitioner, and that she rents rooms for a sufficient sum to discharge the rent upon the apartment.

The petition alleges that the decree of September 10th was modified and that petitioner was ordered to pay the sum of $65.00 monthly; that pursuant to a petition for a further reduction in alimony, petitioner was, by order of J. E. Peck, special judge, on the 30th day of July, 1937, ordered to pay the respondent $100.00 per month, and the custody and care of William Sutherland was awarded to the petitioner until the further order of the court.

It appears from the petition that Malcolm G. Sutherland, Jr., is living with the petitioner and was employed in the store at a salary of $75.00 per month until September 1, 1937; that he has gone to Marshall College and that petitioner is now maintaining him there, having had to employ a person to| take his place in the store at $100.00 a month.

Petitioner alleges that Marzetta Sutherland graduated at Marshall College and has been teaching in the public schools of Logan County at a salary of $100.00 per month, and that she is now living with her mother and is well able to take her part in the maintenance of the apartment where her mother resides.

The petition further alleges that William Sutherland costs the petitioner about $50.00 a month for his maintenance.

The answer to the petition simply minimizes the averments of the petition, there being no direct denial, but a most emphatic disagreement with the deductions. The answer is drawn in the name of Anna Sutherland but the name of Malcolm G. Sutherland is signed to it. No solicitor signs the answer.

In his oral testimony, the petitioner says that he was married the second time on January 4, 1936, having already passed through the assignment for the benefit of creditors, his company's corporate bankruptcy and his own individual bankruptcy. At the time of his divorce petitioner was earning a salary of $200.00 a month. At the present time he is in the grocery business, running a store which is operated on the basis of a coal company store, the Merrill Mines, Inc., deducting ten per cent of

the sales shown by scrip. The business is conducted in his wife's name, and she helps with what time she has as a bookkeeper. He had no money of his own, and his wife has invested all the capital that there is in the business.

The former rule in West Virginia was that where the husband's income is shown to be ample and sufficient to make provision for the wife, the wife's estate and earning capacity were not to be taken into consideration in fixing the amount of alimony. *Kittle* v. *Kittle*, 86 W. Va. 46, 54, 102 S. E. 799; *Sperry* v. *Sperry*, 80 W. Va. 142, 156, 92 S. E. 574; *McKinney* v. *McKinney*, 80 W. Va. 745, 93 S. E. 831. However, this rule has been altered and clarified by chapter 27 of the Acts of the Legislature of 1933 (Code, 48-2-15-a), so that now in considering an award of alimony the court "shall take into consideration, among other things, the financial needs of the wife, the earnings and earning ability of the husband and wife, the estate, real and personal, and the extent thereof as well as the income derived therefrom of both the husband and wife * * * ."

Although it may be said that the financial statement and balance sheet filed on behalf of Sutherland are quite confusing and furnish no basis upon which the court can rest its conclusion as to his personal income, it nevertheless appears that Sutherland, for essential reasons which are not questioned, has recently gone through bankruptcy as has his former mercantile business. He is now working in a business, the capital of which consists entirely of his wife's money.

On the other hand, the first Mrs. Sutherland is earning $15.00 a week, has the actual custody of a minor daughter who earns $25.00 a week, said to have been applied to the discharge of her indebtedness without adequate explanation of why it was necessary to so apply her entire earnings, and is maintaining herself and daughter in a five-room apartment in which there are no roomers.

Under the recounted circumstances, Sutherland's petition for the abatement of alimony was filed November 8,

1937. There was a hearing upon the petition, and alimony was fixed at $65.00 a month while a son was kept in college, to be increased to $100.00 a month when the son was out of college. From the decree, which involved nothing more than the question of whether the trial court was plainly wrong in declining to abate the alimony, this Court, indicative of the fact that in its opinion the trial court probably had rendered an unjustifiable finding, on November 23, 1937, granted an appeal. On January 28, 1938, the question of *pendente lite* alimony arose before the special judge of the trial court. The petitioner objected to the special judge sitting which objection was overruled, and, though an appeal had been granted by this Court, the same special judge awarded Mrs. Sutherland precisely the same alimony as did the order appealed from. Later, on February 14, 1938, Sutherland was adjudicated to be in contempt and was committed to jail until he should meet the past due alimony allowances. He was released by habeas corpus, the writ of which this Court allowed. *Sutherland* v. *Workman, Sheriff,* 119 W. Va. 683, 195 S. E. 856.

We consider that under all of the foregoing circumstances, with due regard to the order of the trial judge, Mrs. Sutherland's allowance of alimony should be reduced to $40.00 a month, and it is accordingly so ordered.

*Reversed and modified.*