GERALDINE SHANNON

*v.*

EMERSON GRANT SHANNON

(No. 14165)

Decided October 7, 1980.

*Grove Moler* for appellant.

*Preiser & Wilson and R. Joseph Zak* for appellee.

PER CURIAM:

The appellant, Geraldine Shannon, appeals from a final order of the Circuit Court of Wyoming County, West Virginia, modifying the original divorce decree by reducing the alimony payments. We conclude that there was no legal error committed in the proceedings below, and that the trial court did not clearly abuse its discretion in ordering a reduction in the amount of alimony.

This divorce proceeding was originally instituted by the appellant. The final divorce decree awarded $800.00 a month in alimony and support, $200.00 of which was for the support and maintenance of their oldest child who was attending college, and $100.00 was for the support and maintenance of their remaining child, a high school senior. After the two children finished school, the appellee continued to pay the appellant $500.00 a month.

In January 1977, the appellee, pursuant to *W.Va. Code*, 48-2-15, moved the circuit court to reopen the civil action alleging that the financial status of the parties had changed materially since the entry of the divorce decree. The appellee sought a hearing on the financial conditions of the parties and prayed that alimony and support payments be terminated. On July 25, 1977, the circuit court conducted a hearing wherein both parties appeared, testified, and presented evidence. The evidence adduced related to the assets and income of both parties. *See, W.Va. Code*, 48-2-16. These proceedings culminated in the entry of an order on August 5, 1977, which reduced the amount of alimony from $500.00 per month to $300.00. The trial court concluded from the evidence presented that the earning capacity and the income of the appellant had been substantially improved, that the alimony payments she received were only a portion of her income, and that the financial position of the appellee, in light of all the circumstances, justified a reduction.

The appellant makes several assignments of error which are clearly not supported by the law of this jurisdiction and do not warrant discussion. Appellant also

argues that there was no evidence supporting a reduction in the amount of alimony and thus the trial court in so ordering abused its discretion.

The trial court is vested with wide discretion in matters concerning alimony and this Court will not substitute its judgment for that of the trial court. *See*, e.g., *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977).

A careful review of the transcript reveals substantial evidence supporting the trial court's findings and conclusions. There was ample evidence of a material change in the financal circumstances of the parties. It is unnecessary to detail every item of evidence as each case must be decided on its own peculiar facts. Suffice it to say that at the time of the hearing the appellant owned her own home worth about $80,000 to $85,000. She owned a share of rental property and had business investments, both of which were producing income. She had several thousand dollars in a savings account and had begun working full-time as a real estate agent. The one adult-aged daughter who resided with her was also engaged in full-time employment.

The appellee, following the 1971 divorce, remarried a widow with four infant children. At the time of the hearing he had two teenage children living with him, both of whom he supported. The appellee testified that his wife recently suffered a nervous breakdown and was no longer able to contribute her services to his business. He also testified that due to his advancing age he was able to work only five days a week and that his income during the first six months of 1977 had decreased twenty percent as a result.

As we held in Syllabus Point 2 of *Henrie v. Henrie*, 71 W.Va. 131, 76 S.E. 837 (1912), "[t]he right to fix the amount of alimony rests in the sound discretion of the chancellor, and this Court will not disturb his judgment unless he has grossly abused such discretion."

For the foregoing reasons, the judgment is affirmed.

*Affirmed.*