LUCILLE FAYE WIGHT

*v.*

CECIL NORTON WIGHT

(No. 14831)

Decided December 2, 1981.

*William L. Jacobs* for appellant.

*David R. Karr* for appellee.

PER CURIAM:

This is an appeal by Cecil Norton Wight from a final order of the Circuit Court of Jackson County dismissing his petition for modification of a divorce decree. The appellant's principal assertion is that the trial court erred in holding that his ex-wife's unlawful cohabitation with another man did not constitute cause for modifying the previous alimony award. We do not agree, and for the reasons set forth below, we affirm the judgment of the circuit court.

By decree dated October 15, 1976, the Circuit Court of Jackson County granted Lucille Faye Wight, the appellee, a divorce from the appellant on the ground of cruel and inhuman treatment. The decree ratified, approved, and confirmed a written separation agreement entered into by the parties on September 15, 1976. The agreement pro-

vided that the appellee was to have custody of the couple's infant child, that she was to have exclusive possession and use of the couple's jointly owned home, and that the appellant was to pay her child support and $325.00 per month alimony.[1] It also provided that the appellee would allow no person other than the couple's child and her parents to reside in the home without the appellant's prior written consent.

On April 25, 1979, the appellant filed a second petition for modification of the divorce decree. The petition alleged that the appellee "has become unfit to have the custody of said infant child in that she is openly living in a state of adultery with another male in the presence of the child." The appellant prayed that he be awarded custody of the infant child, or in the alternative, that he be relieved from all alimony requirements and that the appellee be required to remove the adult male living in the home.

A hearing was held on the petition to modify on June 4, 1979. At the hearing the appellee admitted that one Joe Franklin had lived in her house for approximately six months. She, however, denied having sexual intercourse with him. She indicated that since her divorce she had experienced difficulty in paying her bills and that a large portion of her income had gone toward the treatment of brain damage which had resulted from the appellant's prior beatings of her. She testified that she often passed out and that she received assistance from Mr. Franklin. No evidence was introduced showing the comparative incomes of the parties at the time of the filing of the petition. In addition, there was no evidence introduced showing a change in the appellant's income which would entitle him to a modification of the alimony. Nor was there substantial evidence showing that Mr. Franklin contributed to the expenses of the appellee's household. The only testimony in this area was that Franklin periodically

---

[1] The amount of alimony was subsequently reduced to $250.00 per month by order of the circuit court dated July 27, 1977. That order was pursuant to a petition for modification filed by the appellant.

purchased groceries and put gasoline in the car for recreational outings.

By order entered February 21, 1980, the court held that "the alimony of the Plaintiff should not be reduced or terminated by reason of the improper conduct of Plaintiff, it being the opinion of the Court that since the parties are divorced, the Plaintiff has no obligation of chastity to the Defendant." The court proceeded to order that: "the Court being of the opinion that while the Plaintiff's cohabitation with the Defendant over a period of several months prior to and up to the date of the hearing before the Court, was and is in violation of West Virginia Code, §61-8-4, such conduct does not constitute grounds for the termination or reduction of an alimony award absent showing of a change in the financial condition of the Plaintiff by reason of a contribution by the adult male with whom she cohabits to the living expenses of the Plaintiff."

As previously noted, in this proceeding the appellant contends that the court erred in holding that the admitted unlawful cohabitation between the appellee and another man for a period of several months did not constitute grounds for the termination of reduction of her alimony.[2]

The circuit court's authority to modify the divorce decree is from W.Va. Code, 48-2-15 [1980] which provides, in part:

> "Upon ordering a divorce, the court may make such further order as it shall deem expedient, concerning the maintenance of the parties, or either of them * * * and the court may, from time to time afterward, on the verified petition of either of the parties, revise or alter such order concerning the maintenance of the parties, or either of

---

[2] The appellant also assigns as error the court's decision not to transfer custody of the couple's minor child to him. This assignment of error is, however, not argued in appellant's brief and we consider it to be waived in the absence of such argument. *See, Higginbotham v. City of Charleston*, 157 W. Va. 724, 204 S.E.2d 1 (1974), overruled on other grounds in *O'Neil v. City of Parkersburg*, 160 W. Va. 694, 237 S.E.2d 504 (1977).

them, and make a new order concerning the same, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice * * *"

This statute makes no reference to the conduct of the parties after the granting of a divorce. Rather it makes their financial circumstances and needs and the requirements of justice the factors to be considered in determining whether an alimony award should be modified. *See, Shannon v. Shannon,* ___ W. Va. ___, 270 S.E.2d 785 (1980); *Nichols v. Nichols,* 160 W. Va. 514, 236 S.E.2d 36 (1977); *Sutherland v. Sutherland,* 120 W. Va. 359, 198 S.E. 140 (1938); *Miller v. Miller,* 114 W. Va. 600, 172 S.E. 893 (1934).

In the syllabus of *Shannon v. Shannon, supra,* citing Syllabus Point 2 of *Henrie v. Henrie,* 71 W. Va. 131, 76 S.E. 837 (1912), we said:

"The right to fix the amount of alimony rests in the sound discretion of the chancellor, and this Court will not disturb his judgment unless he has grossly abused such discretion."

The appellant argues in his brief that appellee's sexual misconduct is a factor impinging on the justice of continuing the alimony obligation. In support of his position he cites *Cariens v. Cariens,* 50 W. Va. 113, 40 S.E. 335 (1901) where we held in Syllabus Point 1:

"A decree of divorce *a mensa et thoro* allowing alimony to the wife is *res judicata* as to the alimony; but the husband may be discharged therefrom by the subsequent adultery of the wife."

The *Cariens* case dealt with a separate maintenance situation (then called a divorce *a mensa et thoro*) rather than an absolute divorce. In *Cariens* we specifically noted that the rule enunciated would not apply in the absolute divorce situation because:

"When a decree of absolute divorce gives alimony, the subsequent sexual intercourse by the late wife with other men is no ground for discharging the man from such alimony, because after such decree

the woman is no longer wife, no longer owes any duty of purity to the husband, and breaks no duty to him by her misconduct, however gross. 2 Am. & Eng. Enc. Law (2d Ed.) 139; *Cole v. Cole,* 142 Ill. 19, 31 L. R. A. 109, 34 Am. St. Rep. 56; Note in *Methvin v. Methvin,* 60 Am. Dec. 672; *Forrest v. Forrest,* 3 Bosw. 661; *Sammis v. Medbury,* 14 R. I. 214; *Sampson v. Sampson,* 3 L. R. A. 349 (s. c. 16 Atl. 711); *Mitchell v. Mitchell,* 20 Kan. 665; *Cross v. Cross,* 63 N. H. 444. But these authorities, as also reason, would make a difference between absolute divorces and decrees of separation. The parties between whom there is judicial separation by a divorce from bed and board are yet man and wife, and may be reconciled, and can reunite without decree or violation of law. Hence adultery by the wife after the decree will furnish ground on which a court can release the husband from the support of the wife, because it is itself a ground of divorce." 50 W. Va. at 116, 40 S.E. at 336.

The record of the case before us indicates that the financial needs of the appellee were barely satisfied by the court's alimony award being contested. There is no indication that the appellee's financial condition improved after entry of the previous order. In fact, the evidence regarding medical expenses tends to indicate that it actually deteriorated. There is no showing of any change in the appellant's circumstances. That being the case, we cannot conclude that the trial court abused its discretion in refusing to modify the award.

For the foregoing reasons, we conclude that the Circuit Court of Jackson County did not err in refusing to reduce or terminate the appellee's alimony award. The judgment is affirmed.

*Affirmed.*

NEELY, J., concurs and adds that we do not reach the issue of an illicit relationship of such duration and under such circumstances as to constitute a *de facto* remarriage.

McGRAW, J., concurs but would not find *Cariens v. Cariens* compelling in the face of W.Va. Code, 61-8-4, which makes cohabitation between unmarried persons a crime.