298 S.E.2d 135

**Marlin H. DOUGLAS**

v.

**Nancy L. DOUGLAS.**

**No. 15430.**

Supreme Court of Appeals of West Virginia.

Nov. 22, 1982.

White & Ambrose and Ben B. White, Jr., Princeton, for appellant.

Robert L. Schumacher, Princeton, for appellee.

**2.** The judgment from the magistrate court was entered on September 17, 1979.

PER CURIAM:

This is an appeal by Marlin H. Douglas from an order of the Circuit Court of Mercer County which increased the amount of alimony and child support which the appellant was required to pay his former wife, Nancy L. Douglas. The appellant contends that the court's action increasing the alimony and child support was contrary to the law and evidence. We disagree, and we affirm the judgment of the circuit court.

The appellant and his former wife were divorced by a divorce decree entered on April 16, 1979. That decree ratified and merged with a property settlement agreement executed by the parties on March 16, 1979. The agreement required that the appellant pay his former wife $500.00 per month alimony and $500.00 per month child support for the couple's two infant children. It specifically provided that the alimony and child support payments could be modified by written agreement of the parties or by an order of a court of competent jurisdiction.

Approximately fifteen months after entry of the divorce decree the appellant's former wife petitioned for an increase in the amount of alimony and child support payable to her. She alleged that the circumstances of the parties had changed and that the costs of caring for the children and maintaining her home had increased.

On October 10, 1980, and December 5, 1980, hearings were held on the petition for modification of the decree. At the hearings extensive evidence was introduced showing the financial obligations and resources of the parties. The evidence indicated that, in addition to the $1000.00 per month alimony and child support which she was receiving, the appellant's former wife had a net take-home pay of $451.00 per month from her job as a bank teller. She also received approximately $1000.00 per year in interest and dividends. An item-ized statement of her monthly expenses, which included projections for repairs to her home, indicated that she required $2051.00 per month.

The evidence demonstrated that the appellant was one of the leading businessmen of the community and that he was the largest shareholder in a sporting goods store. The business was organized as a sub-chapter S corporation. Since his divorce his salary from the sporting goods store had increased by approximately $3,000.00 per year. In the same period he was able to withdraw from the corporation $44,451.00 in undistributed profits. The former wife's testimony indicated that the amount of profits withdrawn substantially exceeded that which he had previously withdrawn.

At the conclusion of the hearings the trial court ordered that the appellant's alimony and child support payments be increased from $1000.00 to $1250.00 per month.

■ Our general rule is that the circuit court which grants a divorce is vested by statute with continuing subject-matter jurisdiction to modify or alter its original order as to alimony and child support, as the changed circumstances of the parties and the needs of the children may require. *State ex rel. Ravitz v. Fox*, 166 W.Va. 194, 273 S.E.2d 370 (1980); *In re: Estate of Hereford*, 162 W.Va. 477, 250 S.E.2d 45 (1978); * *State ex rel. Trembly v. Whiston*, 159 W.Va. 298, 220 S.E.2d 690 (1975).

■ In *Nichols v. Nichols*, 160 W.Va. 514, 236 S.E.2d 36 (1977), we considered the question of when a trial court's modification of an alimony or support award should be reversed. We concluded in the only syllabus point:

"Questions relating to alimony and to the maintenance and custody of the chil-

* In *In re: Estate of Hereford* and in *Nakashima v. Nakashima*, 297 S.E.2d 208 (W.Va.1982), we recognized that in a divorce proceeding mature adults, with the help of court and counsel, could negotiate binding property settlement terms, including restrictions on the modification of alimony. In the case presently before us the par-ties did not agree that the alimony and child support payments were to be unalterable; to the contrary, they specifically provided that they could be modified by a court of competent jurisdiction. We are not thus confronted with a problem analogous to that in *Nakashima*.

dren are within the sound discretion of the court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused."

In the case before us the appellant's former wife introduced evidence showing that her monthly expenses exceeded her monthly income. Those expenses related to a large extent to the maintenance of the couple's children in the residence which had been the couple's marital home. She testified that the cost of her utilities had risen, that the price of food had gone up, that her children were older and that their clothes were more expensive. On the other hand, there was evidence that the appellant's disposable income had increased. Although a part of the increase was attributable to the withdrawal of accumulated profits from the subchapter S corporation, it was clear that the appellant was able to draw upon it at will and use it, like ordinary income, to meet his expenses.

Given the state of the evidence adduced we cannot conclude that the trial judge abused his discretion in ordering the increase in alimony and child support. In view of the rule in *Nichols v. Nichols*, *supra*, we believe that the trial court's judgment should be affirmed.

Accordingly, we affirm the judgment of the Circuit Court of Mercer County.

Affirmed.