342 S.E.2d 227

**Robin LOVEJOY**

v.

**Kevin Reed HALSTEAD.**

No. 16743.

Supreme Court of Appeals of
West Virginia.

April 2, 1986.

Mary Catherine Buchmelter, Legal Aid Society of Charleston, Charleston, for appellant.

Kevin Reed Halstead, pro se.

PER CURIAM:

In this appeal from the Circuit Court of Boone County, Robin Lovejoy challenges the court's final judgment denying her petition for modification of child support. For the reasons set forth below, we reverse.

The appellant gave birth to a female child, Christa Dawn Lovejoy, on September 20, 1975. She was unmarried at the time. On November 6, 1975, the appellant and Kevin Reed Halstead applied for a birth

certificate for the child. On the birth certificate they were both named as parents.

Pursuant to former *W.Va.Code,* 48–7–1 [1969] the appellant obtained a warrant charging Kevin Halstead with fathering her illegitimate child. Mr. Halstead, the appellee, pleaded guilty and the court found him to be the father of the appellant's child. He was ordered to pay $45.00 per month child support until the child reaches age eighteen, marries or dies. When the order was entered by the court on December 12, 1975, the appellee had an annual income of approximately $14,000.00. Although the appellee originally paid the child support payments to the appellant's father, he was ordered in February of 1984, at the appellant's request, to begin making the payments directly to her.

On August 6, 1984, the appellant filed a petition alleging a change in circumstances and seeking an increase in the amount of child support paid by the appellee. On August 15, 1984, a hearing was held on the petition for modification. At that hearing it was ascertained that the appellee's position at his place of employment had not changed during the nine years since the bastardy proceeding; however, his income had risen from approximately $65.00 per day to $100.00 per day. Payroll records admitted at the hearing showed that the appellee earned $14,181.44 in 1975; that figure had increased to $25,116.49 at the time of the modification hearing. No evidence was admitted at the hearing concerning the increased needs of the child, the court being of the opinion that the same would not be relevant to finding whether there had been a material change in circumstances.

At the conclusion of the hearing, the circuit court entered a final order on September 14, 1984, denying an increase in child support on the grounds that the appellee's occupation had remained the same since 1975, and the increasing needs of the child were irrelevant to a modification proceeding; therefore, there had been no showing of a material change in circumstances of the parties since entry of the original support order in 1975.

Jurisdiction to modify a child support order rendered in a bastardy proceeding is derived from *W.Va.Code,* 48–7–5 [1983] which provides in part:

Any person ordered to pay support in accordance with the provisions of this article or its predecessors, any obligee of such support, or any persons eligible to be a party under ... this article, may apply to the circuit court or magistrate court wherein such order was entered for a modification of such order ... If the court, upon hearing, finds that there has been a material change in any circumstances relevant to the support or amount of support, then the court shall make specific findings and order a modification of the prior order.

The only issue in this case for our consideration is whether "a material change in any circumstances relevant to the support or amount of support" as contemplated by the statute includes material changes in the father's income and the child's needs.

We have held that the main purpose of the statute allowing paternity suits (now *W.Va.Code,* 48–7–4 [1983], formerly *W.Va. Code,* 48–7–1 [1969]) is to prevent an illegitimate child from becoming a charge upon the county by compelling the father to bear the burden of his or her maintenance and support. *State ex rel. Crouser v. Mercer,* 141 W.Va. 691, 92 S.E.2d 745 (1956). Under some circumstances, such as the case before us, the amount of support set by the court may be so small and inadequate for the child's needs that this purpose is not served.

In cases involving modification of child support, we have recognized that both the increased costs of raising a child and increased income of the person paying the child support are factors properly considered in deciding whether child support should be modified. *See Douglas v. Douglas,* 171 W.Va. 162, 298 S.E.2d 135 (1982); *Levine v. Levine,* 165 W.Va. 327, 270 S.E.2d 137 (1980). The court in the case before us erred in finding that these factors were irrelevant to a child support modification proceeding and in finding that there had been no material change in the circumstances of the parties.

We agree with the court that the passage of time alone is not a material change. The fact that a child turns from five to six years of age is not material nor is an insignificant increase in the father's income. However, we hold the view that the difference in the costs of a child's needs in 1975 and the costs of his or her needs in 1984 should be considered a material change relevant to the amount of support as contemplated by the statute. In addition, the evidence introduced at the hearing in this case indicated that the appellee's income had increased by more than $10,000 since the original support order was entered in 1975. We view that increase in income as a material change. On remand the appellant should be permitted to introduce evidence relating to the increased costs of providing for the child and the court should consider this evidence and the increased income of the appellee as material changes justifying modification of the original child support order.

In syllabus point 1 of *Pierce v. Pierce*, 166 W.Va. 389, 274 S.E.2d 514 (1981), we held:

'In reviewing the judgment of a lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.' Syl. pt. 1, *Burks v. McNeel* [164], W.Va. [654], 264 S.E.2d 651 (1980).

In this case the circuit court based its judgment denying the appellant's petition for an increase in child support on the erroneous conclusion of law that the appellee's increased income and the child's needs were irrelevant to finding a material change in circumstances.

Accordingly, the judgment of the Circuit Court of Boone County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed and remanded.