**Haywood ROSS**

v.

**Leona ROSS.**

**No. 86–127–M.P.**

Supreme Court of Rhode Island.

July 15, 1986.

C. Daniel Schrock, Providence, for plaintiff.

Jeffry Perlow, Moretti and Perlow Law Offices, Providence, for defendant.

OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by Haywood Ross to review an order of the Family Court holding him in "nonwillful contempt" and ordering him to purge himself from such contempt by paying his former wife $14,-836.77 or by conveying to her a life estate in a dwelling house in respect to which he had previously conveyed a remainder interest to her as a part of the property settlement incident to their divorce. Hereafter both parties will be referred to by their first names. The facts of the case are as follows.

On January 5, 1982, a final decree of divorce was entered in favor of Leona from her husband, Haywood. On April 7, 1984, Haywood was served with a notice of a motion to adjudge him in contempt brought by Leona on the ground that he had not complied with the terms of the final divorce

decree. The contempt motion set forth that Haywood was not current on taxes, water charges, mortgage liens, and insurance on a dwelling house located at 131 Camden Avenue in Providence. As part of the divorce property-settlement agreement, Leona was granted a remainder interest in the property, and Haywood retained a life estate and continued to occupy the dwelling. In the contempt motion, Leona also alleged that Haywood had not paid medical insurance, medical bills and expenses incurred for the benefit of a minor child of the parties, that he had not paid tuition and other educational expenses, and that he had not complied with the decree in relation to alimony and child support. It appears from the record that Haywood had filed a petition in bankruptcy and ultimately received a discharge from the Federal Bankruptcy Court.

No evidentiary hearing was conducted by the trial justice, but various assertions of fact were made by counsel for the parties. Counsel for Leona asserted that the amount of arrearage in total was $14,836.77. From the colloquy, it is not possible to determine with certainty whether counsel for Haywood accepted this figure, but he did not offer to prove any different figure.

Essentially, Haywood's counsel asserted that his client, by virtue of an illness diagnosed as cancer, was unable to make the payments and that he had become unemployed owing to his illness. Haywood's counsel stated that Haywood had "kept up support payments until [the] date when he lost his business thereafter until his money ran out." In addition, counsel for Haywood asserted that his client, since the loss of his business, has not been receiving any income other than public assistance.

Nevertheless, in the face of these assertions, the trial justice determined that Haywood's noncompliance constituted contempt. He ordered Haywood to purge himself of his nonwillful contempt by either paying his former wife $14,836.77 or by transferring his life estate in the dwelling

to her. Apparently the trial justice valued the life estate in the amount of $8,000.

■ The central issue in this case is whether a person who has not been shown to have the ability to carry out the terms of a divorce decree requiring the payment of money may be held in contempt for such noncompliance. This court has held in *Mills v. Howard*, 109 R.I. 25, 280 A.2d 101 (1971), that a husband could not be incarcerated for failure to comply with monetary-payment provisions of a divorce decree without a hearing to determine his ability to pay. In declaring that a statute that purported to authorize such incarceration was invalid as violative of the due process clause of the Fourteenth Amendment, the court observed:

> "The opportunity for a pre-incarceration hearing becomes all the more significant when it is recalled that one's indigency can be a proper defense to an action seeking enforcement of an order or decree calling for the payment of money. *Sampson v. Sampson*, 16 R.I. 456, 16 A. 711 [1889]. *See also Caswell v. Bathrick*, 54 R.I. 30, 169 A. 321 [1933]." 109 R.I. at 28, 280 A.2d at 104.

It has generally been accepted that inability to perform in accordance with an order for the payment of money is an excuse or justification that will prevent the holding of a party in contempt. *See Borozny v. Paine*, 122 R.I. 701, 706–07, 411 A.2d 304, 307 (1980). In the case at bar, the trial justice seemed to assume inability to pay but regarded such inability as irrelevant. With this apparent finding, we must disagree.

■ At the very least, Haywood was entitled to an evidentiary hearing and a fact-finding concerning his ability or inability to pay the various obligations that had been imposed upon him pursuant to the divorce decree. No such hearing was accorded him. Consequently, the finding of contempt was not supported by competent evidence and was therefore erroneous. As a corollary of this determination, the order that directed Haywood to purge himself

from an erroneous contempt finding was also invalid.

For the reasons stated, the petition for certiorari is hereby granted. The order of the Family Court holding Haywood in contempt and requiring him to purge himself is quashed. The papers in the case may be remanded to the Family Court with our decision endorsed thereon.

BEVILACQUA, C.J., participated in the oral argument and in the decision of the court but retired prior to the publication of this opinion.