297 S.E.2d 208

**Thomas V. NAKASHIMA**

v.

**Jeannine D. NAKASHIMA.**

No. 15497.

Supreme Court of Appeals of
West Virginia.

Oct. 15, 1982.

Hamstead & Hamstead and Jacques R. Williams, Morgantown, for appellant.

Wilson, Frame & Poling, Clark B. Frame and Richard D. Poling, Morgantown, for appellee.

NEELY, Justice:

The appellant, Jeannine D. Nakashima, and the appellee, Thomas V. Nakashima, were divorced from one another by the Circuit Court of Monongalia County on 12 October 1979. Before the divorce decree was entered, the parties agreed to a property settlement in which there were detailed provisions relating to such concerns as: the amount of child support; a trust fund for the benefit of the children; allocation of the household furniture and automobiles; the wife's right to maintain the husband's insurance policy with herself as beneficiary; the sale of the family home and the disposition of the proceeds from that sale; the husband's rights of visitation; and, the husband's obligation to maintain hospitalization insurance.

The paragraph of the written property settlement agreement that is at issue in this appeal provides:

Husband shall pay to Wife as alimony the sum of $200.00 per month to begin on September 5, 1979, and be due on the 5 day of each month thereafter, for a period of six years, at which time Wife agrees that alimony shall cease and she shall thereafter be entitled to no further payments in the form of alimony. Further, it is agreed between the parties that the alimony will cease upon any remarriage of Jeannine D. Nakashima.

Unfortunately the wording of the circuit court's order was at variance with the terms of the property settlement agreement. In his final order awarding the divorce, the circuit court included the following paragraphs:

It is further ORDERED that the Plaintiff shall pay to the defendant as alimony the sum of $200.00 per month, to begin on September 1, 1979, and be due on the 1st day of each month thereafter payable through the Circuit Clerk's office until further order of this Court.

It further appearing to the Court that the parties hereto have entered into a Property Settlement Agreement dated the 27th day of July, 1979, which agreement appears to be fair and reasonable, it is further ORDERED that said Agreement be, and it hereby is ratified and confirmed by this Court.

The basic issue on this appeal involves the application of the principle enunciated in syllabus point 5 of *In Re Estate of Hereford*, 162 W.Va. 477, 250 S.E.2d 45 (1978). That syllabus point provides:

In all domestic relations cases where the final order is entered after 1 February 1979 there shall be no special legal effect in the divorce decree attached to the words "merged," "ratified," "confirmed," "approved," "incorporated,"

etc., and where the parties and the court wish to do something other than award judicially decreed periodic payments for alimony or alimony and child support enforceable by contempt and subject to modification by the court, the parties must expressly set forth the different terms to which they agree and the court must expressly indicate his approval of their agreement.

In the case before us the court gave no clear indication of whether he accepted or rejected the terms of the property settlement agreement. While his language at one point decreed traditional judicial alimony, in another part of the order he ratified the property settlement agreement without excluding its provisions on alimony.

Pursuant to a motion for modification filed by the appellee husband, the Circuit Court of Monongalia County on 13 November 1980 modified its original divorce order of 12 October 1979 and eliminated the requirement for the payment of alimony before the expiration of five years, although the court did order the payment of $1,800 in back alimony. The court's ruling was based upon a change in the respective financial circumstances of the parties. The circuit court concluded that his initial order established traditional court-awarded alimony and Mrs. Nakashima appealed here on the grounds that the court awarded alimony under the terms of the property settlement agreement and, therefore, the court, under *Hereford, supra,* was bound by the agreement and the agreement controls. We agree with Mrs. Nakashima and we reverse.

This is a close case because the language and tenor of the property settlement agreement are entirely at odds with the language of the circuit court's order. Consequently we must look to the totality of the circumstances to determine the original intent of all parties, including the court.

It was obviously the intent of the divorcing parties that the amount of alimony be a set, predictable amount so that both parties could organize their affairs around the expectation of paying and receiving such a fixed sum. Both the appellant and the appellee appear from the record to be well educated persons and they were both advised by knowledgeable and able counsel. Furthermore, as required by syllabus point 5 of *Hereford, supra,* the court did expressly indicate his approval of their agreement, although there is, indeed, the contradictory language talking about alimony "until further order of this court."

As we indicated in *Hereford, supra,* this Court favors fair and equitable contracts between divorcing parties. In *Hereford, supra,* we said:

Mature adults with the help of the court and counsel should be permitted to negotiate terms and thereby bind themselves.

We believe that the mature adults in the case before us did bind themselves and that it was the intention of the circuit court at the time the divorce decree was entered to give his approval to the entire contract as entered into between the parties. The linchpin of that contract was that alimony would be paid without fail for a period of six years, but that it could never be increased or extended past the six year period. We have specifically authorized and encouraged such agreements in syllabus point 4 of *Hereford* which says:

In all domestic relations cases where the final order is entered after February 1979, if at the time of entry of the final order, the court finds the terms of a property settlement agreement fair and reasonable, such property settlement agreement may specifically provide that periodic payments (alimony) shall never be changed by the circuit court; that the remedy for failure to make such periodic payments shall be by contract action and not by contempt; that the periodic payments shall be enforceable by contempt if the payor is able to pay, but that the court shall not have power to increase or decrease the award; that no periodic payments shall ever be paid, but that a lump sum settlement in lieu of such payments shall constitute a final settlement of the rights of the parties; or, any other terms acceptable to the court to which the parties may agree. However, in order to

**12**

have a periodic payment treated as anything but alimony or alimony and child support, the parties must express themselves in clear, unambiguous language in the property settlement agreement and the agreement must be confirmed by the court in some obvious way.

Consequently, we believe that there was what amounted to a clerical error in the drafting of the original divorce order and that it is the property settlement agreement that was ratified and confirmed by the court that governs the relationship between the parties at this time. Accordingly the judgment of the Circuit Court of Monongalia County is reversed and the case is remanded for further proceedings consistent with this opinion.

Reversed.