IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED

**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MARK WHITE,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-ICA-177** (Fam. Ct. Fayette Cnty. No. FC-10-2013-D-202)

**CYNTHIA WHITE,**
**Respondent Below, Respondent**

**MEMORANDUM DECISION**

Mark White ("Petitioner") appeals the Family Court of Fayette County's September 27, 2022, "Contempt Order." The family court held Petitioner in contempt for failing to disclose his 2021 tax return to Cynthia White ("Respondent") as previously ordered. Respondent timely filed a response in support of the family court's order. Petitioner filed a reply brief.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' oral and written arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no abuse of discretion. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21(c) of the Rules of Appellate Procedure.

Petitioner filed for a no-fault divorce in 2013, at which time a significant marital estate was subject to equitable distribution. Beginning on June 1, 2015, Petitioner was ordered to pay $3,000 per month in temporary spousal support to Respondent. On October 13, 2015, the family court found Petitioner in contempt for, among other things, not paying his temporary spousal support obligation for June and July of 2015. On February 26, 2016, the family court entered an order, over Petitioner's objection, awarding Respondent $3,000 per month in permanent spousal support.

Petitioner again unilaterally discontinued paying spousal support in September of 2020 and Respondent filed a petition for contempt. At a May 17, 2021, contempt hearing, Petitioner asked the family court to relieve him of his support obligation due to his retirement from active employment. The parties negotiated for several hours with the assistance of counsel and made a written agreement to settle all issues raised by the parties. By order prepared by Petitioner's counsel entered on June 21, 2021, the family court

---

[1] Both parties are self-represented.

1

adopted the negotiated settlement in an agreed order ("Agreed Order") and dismissed the Respondent's contempt petition. Pursuant to the Agreed Order, Petitioner agreed to pay Respondent $100,000 in two separate $50,000 installments, both to be paid within thirty days of the hearing. The Agreed Order characterized the $100,000 payment as follows: $96,000 "is deemed marital distribution" and $4,000 "is deemed back alimony." The Agreed Order terminates Petitioner's alimony obligation to Respondent except:

> 7. That in the future if [Petitioner] makes over $100,000 in earned gross income then he shall pay [Respondent] 10% of the total gross income earned at the time of filing… of his tax return. That [Petitioner] will submit a copy of his filed income tax return to [Respondent] on or before April 15th each year up to and including the year 2026.

> 8. That for the purposes of paragraph seven (7), earned income does not include social security benefits, investment income, annuities, interest, spouses [sic] income, rental income or like sources of income.

Petitioner remarried approximately a month after the June 21, 2021, Agreed Order was entered.

Respondent filed another petition for contempt with the family court on June 8, 2022, alleging that Petitioner had not submitted his 2021 federal income tax return to her. After the contempt filing, Petitioner sent Respondent written correspondence, informing her that he had forgotten to send the tax return and stated that he would only send her a redacted copy of the return because the joint return contained information regarding the income of his current spouse. Petitioner subsequently sent Respondent a copy of the first two pages of his 2021 federal income tax Form 1040, with social security numbers and reported W-2 wages redacted, and a single Form 1099-NEC (nonemployee compensation) issued to Petitioner. The filing status on Petitioner's return reflects married filing jointly and lists Petitioner's stepdaughter as a dependent.

A contempt hearing was held in family court on September 21, 2022. Both parties were self-represented. Respondent argued that Petitioner was in contempt for willfully failing to provide his filed 2021 federal income tax return as required in the Agreed Order. Petitioner argued that his jointly filed tax return included his current spouse's income, and that he should be able to either provide different documents to show his income or be permitted to redact his tax return. He testified that in the future, he intends to file tax returns separately, which would alleviate his concerns of disclosing his current spouse's income.

By order entered September 27, 2022, the family court found that Petitioner's testimony and the tax return information provided demonstrated that he had not earned an amount of income that would have triggered the requirement to make further spousal support payments to Respondent for 2021. Nevertheless, the family court held that, while

2

Petitioner's failure to submit a complete return was not for the purpose of avoiding possible payments to Respondent, Petitioner failed to comply with his obligations under the Agreed Order. As a result, Petitioner was held in contempt of court for failing to provide Respondent his complete 2021 federal income tax return as filed. To purge himself of contempt, Petitioner was given an opportunity to submit an unredacted copy of his 2021 federal income tax return to Respondent no later than thirty days following the entry of the court's order. It is from this Contempt Order that Petitioner appeals.

In his first assignment of error, Petitioner argues that his earned income is best revealed by W-2 wage reports, self-employment 1099 forms, and a schedule C form to his federal income tax return. In his second assignment of error, Petitioner contends that the family court erred when it ordered him to submit his tax return to Respondent when the Agreed Order specifically excluded spouses' income from Petitioner's "earned income."

When reviewing such appeals, we are guided by the following appellate standard of review:

> "[i]n reviewing a final order entered by a circuit court judge upon review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, No. 22-ICA-2, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17098574, at *3 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

> "In reviewing the findings of fact and conclusions of law of a ... court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review." Syl. pt. 1, *Carter v. Carter,* 196 W.Va. 239, 470 S.E.2d 193 (1996).

*Carpenter v. Carpenter*, 227 W. Va. 214, 217, 707 S.E.2d 41, 44 (2011) (per curiam).

Upon review, we find that Petitioner's arguments fail to establish clear error or an abuse of discretion by the family court. As the Supreme Court of Appeals of West Virginia has indicated in *Nakashina v. Nakashima*, 171 W. Va. 9, 11, 297 S.E.2d 208, 210 (1982), "this Court favors fair and equitable contracts between divorcing parties." "A family court judge may enforce compliance with their lawful orders with remedial or coercive sanctions

3

designed to compensate a complainant for losses sustained and to coerce obedience for the benefit of the complainant." W. Va. Code § 51-2A-9(b) (2012). Upon a finding of contempt, the contemnor must be given an opportunity to purge himself. *Id.* It is in the sound discretion of the family court to determine the manner in which a contemnor may purge himself. *Deitz v. Deitz*, 222 W. Va. 46, 58, 659 S.E.2d 331, 343 (2008) (per curiam).

"[T]he general rule is that the burden of proof rests with the complaining party to demonstrate . . . that the defendant is in noncompliance with a court order." *Carpenter v. Carpenter*, 227 W. Va. 214, 219 707 S.E.2d 41, 46 (2011) (per curiam). Further, the moving party must also demonstrate that his or her rights have been prejudiced by the contemnor's noncompliance. *Id.* After it has been shown that a violation has occurred and prejudice has been suffered from the violation, the burden shifts to the nonmoving party to establish any defenses. *Id.*

Respondent has clearly established, and Petitioner admitted, that he failed to comply with the plain language of the Agreed Order. The purpose of Petitioner producing a complete federal income tax return is to provide Respondent with a transparent verification of his relevant financial status, as it relates to the contingent obligation to make an additional payment. Petitioner and Respondent were both represented by counsel when they agreed that Petitioner would submit his tax returns to Respondent each year until 2026. Respondent has relied on this bargained-for agreement and verification process to replace her previous $3,000 per month spousal support award. By his failure to comply with the Agreed Order, Petitioner has prompted Respondent to file another contempt petition to verify Petitioner's obligation to provide future spousal support, considering the negotiated threshold and percentage of earned income. For these reasons, we find that Respondent has been prejudiced by Petitioner's actions and Petitioner is required to comply with the family court's order.

Regarding Petitioner's second assignment of error, Petitioner is correct that earned income does not include a spouse's income pursuant to the Agreed Order. *See also* W. Va. Code § 48-1-228(d)(1) (2001). The provision in the Agreed Order only excludes spousal income from the earned income calculation, not from Petitioner's federal income tax return, in the event Petitioner elects to file jointly with his current spouse. Both parties agreed to the verification provision in the Agreed Order. Petitioner was or should have been aware that, if he remarried and chose to file his federal income tax return jointly, his new spouse's information would be disclosed to Respondent.

Underlying the contempt issues in this case are the privacy implications of the third-party information that is included in Petitioner's federal income tax return. In this case, taxpayer information of Petitioner, his current spouse, and his stepdaughter are included in the 2021 married-filing-jointly federal income tax return. This information includes not only third-party income, but also their social security numbers and employer information.

4

Petitioner has made no argument that it is unlawful for a family court to effectively order that nonparty private information be revealed, such as social security numbers, to a third party.[2] Though it may be unfortunate that third-party, private information for 2021 is included within Petitioner's tax information, Petitioner was aware at the time he filed his joint federal income tax return that Respondent was entitled to view it without qualification.

Petitioner states in his brief that he will remedy the issue in the future by filing separately. However, he requested during oral argument that this Court enter a decision that would relieve him of his obligation to submit federal income tax returns to Respondent for the entire duration of his obligation imposed on him by the Agreed Order. We cannot grant this request.

This matter has come to us on appeal from a contempt order. We note that a petition to the family court seeking to modify the Agreed Order may be a route available for Petitioner to seek the relief requested. An award of spousal support is subject to modification, unless there is an explicit provision to the contrary set forth in the court-approved separation agreement. W. Va. Code § 48-6-201(b) (2001). The Supreme Court of Appeals of West Virginia has consistently held that the party seeking modification has the burden of showing that a substantial change of circumstances has occurred. Syl. pt. 3, *Goff v. Goff*, 177 W. Va. 742, 356 S.E.2d 496 (1987). However, raising possible grounds for a modification of an order during an appeal of a contempt finding is improper.

It is clear from the record that this has been a highly contested domestic proceeding and several petitions for contempt against Petitioner have been filed throughout the past decade. On the present petition for contempt, this Court affirms the family court's finding that Petitioner willfully and contumaciously refused to obey the June 22, 2021, Agreed Order by failing to submit the entirety of his 2021 federal income tax return to Respondent with only social security numbers redacted.

Accordingly, we affirm the family court's September 27, 2022, Contempt Order.

Affirmed.

---

[2] Respondent agreed during oral argument that the social security numbers of all nonparties included in Petitioner's tax return may be redacted. Regardless, Respondent is reminded that she is the only one privy to the complete federal income tax return, as redacted to excise social security numbers. The information contained in the return may not be disclosed to anyone other than the family court, her attorney, and accountant.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen