# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**Anne Y.,**
**Petitioner Below, Petitioner**

**vs.)  No. 22-ICA-229** (Fam. Ct. Cabell Cnty. No. 21-D-493)

**Daniel Y.,**
**Respondent Below, Respondent**

**FILED**
**May 22, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Anne Y.[1] appeals the Family Court of Cabell County's October 6, 2022, order denying her motion for reconsideration of the parties' property settlement agreement, which was ratified by the family court and incorporated in the parties' final divorce order.[2] Respondent Daniel Y. filed a timely response.[3] Anne Y. filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' oral and written arguments, the record on appeal, and applicable law, this Court finds no substantial question of law, no prejudicial error, and no abuse of discretion. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married in 2003 and are the parents of three minor children. Daniel Y. is an attorney in West Virginia. Anne Y. has worked as a financial analyst, realtor, and previously served as a public official in Cabell County.  In September of 2021, the parties

---

[1] Consistent with our practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in the case. *See* W. Va. R. App. Pro 40(e)(1); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] We note that West Virginia Code § 51-2A-10(a) provides that a party to a family court proceeding may seek a reconsideration of an order for a list of reasons almost identical to that set forth in Rule 60(b) of the West Virginia Rules of Civil Procedure. *See David C. v. Mallory M.*, No. 15-0063, 2015 WL 7628825 (W. Va. November 23, 2015) (memorandum decision).

[3] Anne Y. is represented by Jennifer D. Ransbottom, Esq. Daniel Y. is represented by Amy C. Crossan, Esq.

1

separated, and, on October 21, 2021, Anne Y. filed for divorce and filed a corresponding financial disclosure.[4] Thereafter, a settlement agreement was drafted to reflect the parties' agreement as to all issues related to child custody, spousal support, and the parties' assets.[5] The settlement agreement, at Section 5, specifically referenced the parties' interest in Daniel Y.'s law firm, the parties' debts and other assets (including marital home, vacation home, rental property, vehicles, bank accounts, life insurance, retirement accounts, and household goods). The settlement agreement further noted that Daniel Y. would pay spousal support.

On January 13, 2022, a final divorce hearing was held before the family court. During that hearing the parties were self-represented and participated in the hearing via remote technology. While both parties were self-represented, it was understood by the family court and both parties that Anne Y. and Daniel Y. had individually received advice from separate legal counsel as to the settlement agreement and final divorce proceedings.[6]

At the January 13, 2022, hearing, the parties presented their settlement agreement to the court and confirmed that the agreement embodied the terms to which they concurred. The court asked both parties if there was anything not in the settlement agreement that the parties believed should be talked about or brought up during the final divorce hearing, and both parties responded, "No." As neither party was represented by counsel, the family court indicated that it would prepare the final order, within a week of receipt of parties' executed settlement agreement. Thereafter, Anne Y. delivered the parties' executed settlement

---

[4] In her financial disclosure, filed in conjunction with her petition for divorce, Anne Y. listed Daniel Y.'s interest in his law firm as an asset but indicated that she did not know the value of the interest by noting a "'?' as to the value. It is undisputed that Daniel Y. did not file a financial disclosure with his response to Anne Y.'s petition for divorce.

[5] There is a factual dispute between the parties as to which party actually drafted the settlement agreement. In her *Motion for Reconsideration Of The Final Order's Property Settlement Agreement*, at paragraph 4, Anne Y. asserts that the settlement agreement was drafted by Daniel Y. However, in his brief before this Court, at page 3, Daniel Y. states that prior to filing for divorce, Anne Y. presented to him a proposed settlement agreement that was "obviously prepared by" Attorney Jennifer Ransbottom, Anne Y's current counsel. Regardless of who prepared the settlement agreement there is no dispute that when the settlement agreement was presented to the family court, both parties acknowledged their agreement to the terms and conditions of the same.

[6] In its October 6, 2022, order, the family court found that while Anne Y. was "self-represented, it is apparent that she consulted with an experienced family law attorney as she proceeded with the divorce." Further, the court noted that while Daniel Y. is an attorney, neither he nor his then law firm "practice family law."

agreement to the court, and, on February 8, 2022, the family court's *Findings of Fact, Conclusions of Law, and Final Order* was entered.

In its February 8, 2022, order, the court found that the parties agreed upon a property settlement and the court incorporated, without any changes or amendments, the parties' settlement agreement as part of the final order. Thereafter, upon learning of Daniel Y.'s departure from his law firm and his associated petition requesting a reduction in his child support obligation (filed on June 28, 2022), Anne Y. filed a *Motion For Reconsideration Of The Final Order's Property Settlement Agreement*, pursuant to West Virginia Code § 51-2A-10(a)(5).[7] By order entered on October 6, 2022, the family court denied Anne Y.'s motion for reconsideration and found that "the parties represented to the court that they had an agreement on all matters, which included parenting, spousal support, and equitable distribution of property. Their agreement was placed upon the record for the court and confirmed by the parties."

The court further found that while Anne Y. was self-represented, it was apparent "that she consulted with an experienced family law attorney as she proceeded with the divorce." The family court determined that the "parties went through their agreement at the final hearing and confirmed their desire for their agreement to become the order of the court and subsequently provided the court with a written executed copy of the agreement." The court also noted that Anne Y. "was the driving force pursuing the divorce[;]" that Daniel Y. "did not appear to want the divorce and he was not rushing the divorce through[;]" and that both "parties participated in the final hearing and were given an opportunity to ask questions" of the court and each other. It is from the October 6, 2022, order that Anne Y. now appeals.

Generally, we note that in reviewing petitioner's claims, we consider such claims under the same parameters as a motion to vacate a judgment made pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure. Here, the motion that forms the basis of the family court's October 6, 2022, order, was made pursuant to West Virginia Code § 51-2A-

---

[7] West Virginia Code § 51-2A-10(a)(2001) provides, in part, that:

[a]ny party may file a motion for reconsideration of a . . . final order of the family court for the following reasons: (1) Mistake, inadvertence, surprise, excusable neglect or unavoidable cause; (2) newly discovered evidence which by due diligence could not have been available at the time the matter was submitted to the court for decision; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) clerical or other technical deficiencies contained in the order; or (5) any other reason justifying relief from the operation of the order.

3

10(a). The Supreme Court of Appeals of West Virginia ("SCAWV") has addressed such motions and found that:

> In *Ray v. Ray*, 216 W. Va. 11, 14 n.13, 602 S.E.2d 454, 457 n.13 (2004), *overruled on other grounds by Allen v. Allen*, 226 W. Va. 384, 701 S.E.2d 106 (2009), we found that motions pursuant to West Virginia Code § 51-2A-10 have replaced motions for relief from judgment under Rule 60(b) of the West Virginia Rules of Civil Procedure in the family court.

*Robert Brumfield v. Christina McComas*, No. 22-0037, 2023 WL 1798562 (W. Va. February 7, 2023) (memorandum decision).

Additionally, the SCAWV has held that "[a] motion to vacate a judgment made pursuant to Rule 60(b) . . . is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." Syl. Pt. 5, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974). Moreover, in addressing such appeals, the SCAWV has reasoned that "'[a]n appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not . . . the final judgment order' Syllabus Point 3, *Toler v. Shelton*, 157 W. Va. 778, 204 S.E.2d 85 (1974)." Syl. Pt. 1, *Builders' Serv. and Supply Co. v. Dempsey*, 224 W. Va. 80, 680 S.E.2d 95 (2009).

As to settlement agreements in family law cases, West Virginia Code § 48-6-101(a) (2001) defines "[p]roperty settlement or separation agreement[s]" to include "a written agreement between a husband and wife whereby they agree to live separate and apart from each other[,]" which could include the agreement to "[s]ettle the property rights of the parties[.]" Further, the SCAWV has held "this Court favors fair and equitable contracts between divorcing parties." *Nakashima v. Nakashina*, 171 W. Va. 9, 11, 297 S.E.2d 208, 210 (1982).

West Virginia Code § 48-6-201(a) (2001) provides, in pertinent part, that:

> [i]n cases where the parties . . . have executed a separation agreement, if the court finds that the agreement is fair and reasonable, and not obtained by fraud, duress or other unconscionable conduct by one of the parties, and further finds that the parties, through the separation agreement, have expressed themselves in terms which, if incorporated into a judicial order, would be enforceable by a court in future proceedings, then the court shall conform the relief which it is authorized to order . . . The separation agreement may contractually fix the division of property between the parties and may determine whether spousal support shall be awarded. . .

Further, West Virginia Code § 48-7-102 (2001) states that:

4

In cases where the parties . . . have executed a separation agreement, then the court shall divide the marital property in accordance with the terms of the agreement, unless the court finds: (1) That the agreement was obtained by fraud, duress or otherwise unconscionable conduct by one of the parties; or (2) That the parties, in the separation agreement, have not expressed themselves in terms which, if incorporated into a judicial order, would be enforceable by a court in future proceedings; or (3) That the agreement, viewed in context of the actual contributions of the respective parties to the net value of the marital property of the parties, is so inequitable as to defeat the purposes of this section, and such agreement was inequitable at the time the same was executed.

With these principals in mind, we now address Anne Y.'s two assignments of error on appeal, which we will address in turn. In her first assignment of error, she argues that the family court erred by approving the settlement agreement without requiring Daniel Y. to file a financial disclosure. We disagree.

West Virginia Code § 48-7-206(1) (2001) provides, in part, that "[u]pon the failure by either party timely to file a complete disclosure statement . . . , the court may accept the statement of the other party as accurate." In the instant case, that is exactly what the family court did.

The petitioner argues that the family court erred in enforcing the settlement agreement when Daniel Y. did not file a financial statement and because the financial statement filed by Anne Y. indicated a "?" when noting the value of Daniel Y.'s law firm. We, like the family court, find her argument in that regard to be without merit.[8] Anne Y. knew that Daniel Y. may have an interest in the law firm where he then worked. Her understanding as to the same is evidenced by her inclusion of Daniel Y.'s law firm on her disclosure form. We further agree with the family court's reasoning that Anne Y. did not have the law firm valued or pursue discovery as to this issue and "appeared more interested in obtaining the divorce quickly and minimizing costs." Accordingly, we find no error. The family court did not abuse its discretion in denying Anne Y.'s motion for reconsideration.

In her second assignment of error, Anne Y. contends that the circuit court erred in not setting aside the settlement agreement after Anne Y. pointed out the lack of financial information in the record. Again, we disagree and find no error. In *Clay v. Clay*, 182 W. Va. 414, 419, 388 S.E.2d 288, 293 (1989), the SCAWV considered:

---

[8] Anne Y.'s argument that *State ex rel St. Clair v. Howard*, 244 W. Va. 679, 856 S.E.2d 638 (2021) is applicable was also found to be without merit by the family court. Unlike *St. Clair*, Daniel Y., an attorney, was not the driving force behind the divorce and both parties participated in the final hearing. We agree with the family court that *St. Clair* is distinguishable.

5

whether the trial court could look behind a written separation agreement to determine its fairness where both parties were represented by counsel and testified they were satisfied with the settlement . . . . [and] concluded that . . . [West Virginia Code § 48-2-32(b) (1986) now West Virginia Code § 48-7-102(2001)] was [sic] not "intended to force upon a trial court an affirmative duty to question the wisdom of a spouse's apparent satisfaction with the terms of a property settlement agreement [.]" 182 W. Va. at 418, 388 S.E.2d at 292.

*Gangopadhyay v. Gangopadhyay*, 184 W. Va. 695, 700, 403 S.E.2d 712, 717 (1991). The same reasoning is applicable in the instant case. Here, while the parties were not represented by counsel, the family court specifically found that it was clear that both parties had the benefit of consulting with experienced counsel.[9] The family court accepted the parties' settlement agreement because the parties represented that they were satisfied with the agreement, which included Daniel Y.'s share in his law firm. The settlement agreement states that Daniel Y. "will receive his interest in the law firm and the entity owning the real property in which it operates." Prior to the entry of the final order incorporating the settlement agreement, neither party objected to any of the provisions of the agreement and made no allegations that the agreement was obtained by fraud, duress, or any other type of unconscionable conduct.

Further, the SCAWV has long held that "[o]nce a competent party makes a settlement and acts affirmatively to enter into such settlement, his second thoughts at a later time as to the wisdom of the settlement [do] not constitute good cause for setting it aside." *Moreland v. Suttmiller*, 183 W. Va. 621, 625, 397 S.E.2d 910, 914 (1990). In *Fridley v. Plum*, No. 15-1140, 2016 WL 6678991 (W. Va. November 14, 2016) (memorandum decision), the SCAWV reasoned that:

"[v]oluntary settlement agreements that address and reconcile the conflicting interests of divorcing parties should be favored by the court; such arrangements enable parties to freely resolve their marital controversies and order their personal affairs.["] *See generally*, *Strangolagalli v. Strangolagalli*, 742 N.Y.S.2d 914, 915 (N.Y. App. Div. 2002) (recognizing judicial review of settlement agreement in divorce action is to be exercised sparingly, with goal of encouraging parties to settle their disputes on their own).

Upon our review of the record submitted, we find no error or abuse of discretion in the family court's denial of Anne Y.'s *Motion For Reconsideration Of The Final Order's*

---

[9] The experienced counsel referred to by the family court are the parties' current counsel, Jennifer D. Ransbottom and Amy C. Crossan.

*Property Settlement Agreement*. The record supports the family court's well-reasoned findings and conclusions as to the denial of Anne Y.'s *Motion For Reconsideration Of The Final Order's Property Settlement Agreement* and the propriety of the parties' settlement agreement.

For the foregoing reasons, we affirm the Family Court of Cabell County's October 6, 2022.

Affirmed.

**ISSUED:** May 22, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge Thomas E. Scarr